**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **LARRY GIBSON** | § | |
| | § | |
| VS. | § | C.A. NO. 1:22-cv-00362 |
| | § | (JURY) |
| **STATE FARM LLOYDS** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 260th District Court, Orange County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division. In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

### I.
### PROCEDURAL BACKGROUND

1. On July 29, 2022, Plaintiff filed this action against State Farm in the 260th District Court of Orange County, Texas. The state court cause number is 22073-C ("State Court Action"). State Farm was served on August 2, 2022 and filed its answer on August 29, 2022. The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under section 1332(a).

2. In accordance with 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action from the 260th District Court, Orange County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division.

## II.
### NATURE OF SUIT

3.    Plaintiff filed this lawsuit alleging State Farm failed to pay insurance benefits owed to him in accordance with a Homeowner Policy for damage to his property caused by Hurricane Laura that occurred on or about August 27, 2020. *See Plaintiff' Original Petition,* at ¶¶ 13; 16, *Attached as Exhibit A*. Plaintiff asserts causes of action for breach of contract, violations of the Texas DTPA, violations of Chapters 541 and 542 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and fraud/gross negligence. *Id.* at ¶¶ 31-56. As addressed in further detail below, State Farm now timely files this Notice of Removal because there is complete diversity of citizenship between the parties and Plaintiff's alleged damages exceed the jurisdictional limits of this Court.

## III.
### BASIS OF REMOVAL

4.    The Eastern District of Texas has jurisdiction over this action, pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.    First, the parties are diverse. Plaintiff is a resident of Orange County, Texas. *Plaintiff's Original Petition,* at ¶ 2. State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined and set out in Chapter 941 of the Texas Insurance Code. The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized. *Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882–83 (5th Cir. 1993) (finding that a Lloyds' plan association was not a Texas citizen); *see Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois); *Caballero v. State Farm Lloyds,* No. CA-C-03-266, 2003 WL 23109217, at *1 (S.D. Tex. Oct. 31, 2003) (same). At all relevant times, State Farm was, and continues to be, an unincorporated insurance association

whose underwriters were, and still are, citizens of states other than Texas. *See Affidavit of Tamara Jacquot, Attached as Exhibit B*. Accordingly, State Farm is not a citizen of the State of Texas.

6. Second, Plaintiff seeks to recover damages for State Farm's denial and/or underpayment of the claim. *See Plaintiff's Original Petition,* at ¶¶ 21-29. Plaintiff pleads an amount in controversy under $250,000, <u>excluding</u> interest, statutory or punitive damages and penalties, and attorney's fees and costs. *Id*. at ¶ 7 (emphasis added). Plaintiff further seeks treble damages under the DTPA and Texas Insurance Code; statutory interest; mental anguish damages; pre-judgment interest; attorneys' fees and exemplary damages. *Id*. at ¶¶ 59-62. It is apparent from the face of the petition that Plaintiff's claimed damages exceed the requisite amount in controversy of $75,000.00. *See* 28 U.S.C. § 1332(a)(1)*; Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *see also* 28 U.S.C. § 1446(c)(2); *DeAguilar v. Boeing Co*., 47 F.3d 1404, 1410 (5th Cir. 1995); *cert. denied* 516 U.S. 865 (1995).

## IV.
### REMOVAL PROCEDURES

7. On July 29, 2022, Plaintiff filed suit against State Farm in the 260th District Court, Orange County, Texas. *See Original Petition*. State Farm was served on August 5, 2022 and filed its Answer on August 29, 2022. *See Return of Service, Exhibit D; and State Farm's Original Answer, Exhibit E*. This Notice of Removal is being filed on September 2, 2022. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service, *see* 28 U.S.C. § 1446(b)(1), and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(c)(1).

8. The Beaumont Division of the Eastern District of Texas is the proper venue because: (1) the property, which was allegedly damaged and which forms the basis of Plaintiff's lawsuit, is located in Orange County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was filed and is pending in Orange County. *See* 28 U.S.C. § 1441(a). Orange County is within the jurisdictional limits of the Beaumont Division. 28 U.S.C. § 124(c)(2).

9. All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule CV-81 to be filed with this Notice of Removal are included in the Index of Matters Being Filed, attached. In addition, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Orange County District Clerk's Office and served on the Plaintiff.

10. A jury trial was requested in state court and a jury fee was paid. Defendant hereby requests a jury trial in this cause of action pursuant to Local Rule CV-81(b).

## V.
## PRAYER

11. State Farm respectfully requests that the above-styled action now pending in 260th District Court, Orange County, Texas, be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State Farm and against Plaintiff, that State Farm recover its costs, and for such other and further relief to which State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: */s/ Dale M. "Rett" Holidy*
**Dale M. "Rett" Holidy**
LEAD ATTORNEY
State Bar No. 00792937
**Alexandra McNicholas Bernier**
State Bar No. 24037080
Germer PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
holidyefile@germer.com
abernier@germer.com

**ATTORNEYS FOR DEFENDANT, STATE FARM LLOYDS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of September, 2022, a true and correct copy of the foregoing document was forwarded to all known counsel of record by e-filing and e-mail pursuant to Federal Rule of Civil Procedure 5(b).

*/s/ Alexandra McNicholas Bernier*
**Alexandra McNicholas Bernier**

**INDEX OF MATTERS BEING FILED WITH REMOVAL ACTION**
**(Pursuant to E.D. TEX. Local Rule CV-81(c))**
*Larry Gibson v. State Farm Lloyds*

**Exhibit A: Plaintiff's Original Petition**

**Exhibit B:  Affidavit of Amanda Jacquot**

**Exhibit C: Return of Service**

**Exhibit D: Defendant's Original Answer**

**Exhibit E: Defendant's Jury Demand**

**Exhibit F: Civil Cover Sheet and Certified Copy of State Court Docket Sheet**

**Exhibit G: All Counsel of Record and List of Parties**

**Exhibit H:  Record of Parties Having Requested a Jury Trial**

**Exhibit I:  Name and Address of Court from which the State Court Action is Removed**